IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hyounea Kim | ) | |
| | ) | Case No. 17-cv-7332 |
| Plaintiff, | ) | |
| v. | ) | |
| Hilton Construction Group, Degen | ) | |
| Consulting Group and Hilton Mayers | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Hyounea Kim, through her attorneys, for her Complaint against Hilton Construction Group, Degen Consulting Group and Hilton Mayers ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., for Defendants' failure to pay the minimum wage to Plaintiff. During the course of her employment by Defendants, Plaintiff is paid wages less than both the federal and State of Illinois mandated minimum wage. Plaintiff further alleges that Defendants' failure to pay the regular wages is willful and intentional.

### THE PARTIES

2. Plaintiff is at all times relevant hereto employee of Defendants.

3. Plaintiff is at all times relevant hereto individual employed in the State of Illinois by Defendants.

1

4. Plaintiff is at all times relevant hereto resided in the State of Illinois.

5. Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6. Plaintiff is filing this FLSA claim as an individual action for herself.

7. For the period commencing on or about April 18, 2017, until September 7, 2017, Plaintiff Hyounea Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants thirty-five(35) to forty (40) hours per week.

8. Plaintiff regularly worked 35 to 40 hours a week while employed by Defendants. and was not paid the proper amount of her regular wage.

9. Plaintiff performed work as a designer for Defendants.

10. Plaintiff did not have to supply her own tools and equipment in connection with her work for Defendants.

11. Plaintiff was required to report to work for Defendants at a certain time.

12. Plaintiff could not set her own hours of work for Defendants.

13. Defendant, Hilton Mayers is and was at all relevant times hereto engaged in the business of Construction Company.

14. Defendants, Hilton Construction Group, Inc. ("Hilton") and Degen Consulting Group, Inc. ("Degen") are and were at all relevant times hereto engaged in the interstate commerce.

15. Defendant Hilton Mayers ("Mayers") managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

16. Defendant Mayers participated in and approved of the unlawful pay practices of the business Hilton Construction Group and Degen Consulting Group at Skokie, IL.

17. Defendant Mayers was involved in assigning work to Plaintiff.

18. Defendant Mayers had the power and authority to discipline Plaintiff.

19. Defendant Mayers exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

20. Defendant Mayers hired Plaintiff.

21. Defendant Mayers was in charge of paying employees.

22. Defendant Mayers told Plaintiff where to work and when to work.

23. Defendants employed Plaintiff to do work for them in the State of Illinois.

24. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

25. Defendants provided the tools and equipment and materials for Plaintiff to do her job with Defendants.

26. Defendants employed and paid Plaintiff as their employee.

27. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

28. Defendants' failure to properly pay Plaintiff for her regular wage was intentional and willful.

29. No exemption from minimum wages applied to Plaintiff's employment with Defendants.

30. Defendants never obtained legal advice or counsel that their pay practices and/or policies were compliant with state and federal wage-hour laws.

31. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

32. Defendants failed to pay Plaintiff her wage for all hours worked.

33. Defendants' failure to pay Plaintiff her wage was intentional and willful.

34. Defendant Hilton Construction Group is an Illinois corporation doing business as a Construction Company and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

35. Defendant Degen Consulting Group is an Illinois corporation doing business as a Consulting Company and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

36. Defendant Mayers is a citizen and resident of Cook County and is the President of Defendants Hilton Construction Group and Degen Consulting Group.

## JURISDICTION AND VENUE

37. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

38. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

39. The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

40. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

41. During the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

42. Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

43. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

45. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, plaintiff prays for judgment in her favor and against the defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the defendants' use as described above;

B. interest on all amounts awarded;

C. attorneys' fees, together with costs of suit and collection; and

D. such further relief as may be fair and just in the premises

## COUNT II
### Violation of the Illinois Minimum Wage Law - Minimum Wages

46. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

47. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

48. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

49. At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was "employee" within the meaning of that Act.

50. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

51. Defendants did not compensate Plaintiff minimum wages for all hours worked.

52. Defendants violated the Illinois Minimum Wage Law by refusing to

compensate Plaintiff minimum wages for all hours worked.

53. Pursuant to 820 ILCS 105112(a), Plaintiff is entitled to recover her unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Illinois Wage Payment and Collection Act
### Failure to Pay Claims

54. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

55. The Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq., requires that "every employer shall be required, at least semimonthly, to pay every employee all wages earned during the semi-monthly pay period" and pay "final compensation" at the time of separation, if possible, or if not, by the next regularly scheduled payday for the employee.

56. During the applicable statute of limitations, by the course of conduct set forth above, Defendants have failed to pay Plaintiff all wages due in violation of the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq.

57. Because Defendants failed to properly pay wages due as required by law, Plaintiff is entitled under the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq. to recover all wages due, two percent interest per month on all wages due until fully paid, costs, and reasonable attorneys.

WHEREFORE, plaintiff prays for judgment in her favor and against the defendants, and each of them, and for the following relief:

E. damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the defendants' use as described above;

F. statutory penalties as allowed by the IWPCA;

G. interest on all amounts awarded;

H. attorneys' fees, together with costs of suit and collection; and

I. such further relief as may be fair and just in the premises

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: October 11, 2017

/s/ Ryan Kim
Ryan J. Kim

INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiff