**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HYOUNEA KIM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 7332 |
| | ) | |
| v. | ) | |
| | ) | |
| HILTON CONSTRUCTION GROUP, | ) | Magistrate Judge Jeffrey Cole |
| DEGAN CONSULTING GROUP, | ) | |
| and HILTON MAYERS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 11, 2017, plaintiff served defendants with a Request to Admit Facts, a Request for Production of Documents, and Interrogatories. Plaintiff also served defendants with Initial Rule 26 (a) disclosures that same day. The parties agreed to exchange their Rule 26(a)(1) disclosures by January 4, 2018 [Dkt. #9].

Defendants' responses to plaintiff's discovery requests were due by January 11, 2018. That date came and went without anything from the defendants. Three days later, on February 14, 2018, plaintiff's counsel emailed defendant, Hilton Mayer, requesting the responses to discovery. Silence followed. As of March 7, 2018, defendants still had not responded or engaged in any meet and confer process; nor had they made their obligatory initial disclosures. In short, the defendants could not have been any more noncompliant with or indifferent to their discovery and disclosure obligations. *See AT&T Corp. v. Park I–10 Motors*, 2014 WL 12580445, at *1 (W.D. Tex. 2014); *Whitserve LLC v. Computer Patent Annuities N. Am., LLC,* 2006 WL 1273740, at *3 (D. Conn. 2006); *Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 331, 342 (N.D.Ill.2005) (collecting cases).

As a result, plaintiff was forced to file a motion to compel on March 7. On March 8, Judge Guzman entered a default judgment against the corporate defendants. [Dkt. #27]. Indeed, none of the defendants, including the individual defendant, even bothered to show up for the hearing on the plaintiff's motion for default judgment. That left individual defendant, Hilton Mayers, standing. And he failed to appear at the hearing on plaintiff's motion to compel. [*See* the lengthy discussion in Dkt. #32]. I granted the plaintiff's motion to compel and indicated that it would be appropriate for plaintiff to file a petition for fees he incurred in bringing the motion to compel. [*See* Dkt. #32]. Plaintiff did so, asking for $1980 in attorneys' fees and expenses. [Dkt. #33].

The defendant now objects, claiming that the fee petition is "inflammatory and misstates the import and meaning of this Court's orders." [Dkt. #39 at 1]. Of course it does no such thing. The argument essentially is that the individual defendant's counsel withdrew on December 21, 2017 [Dkt. #21], and was not replaced until over three months later, on March 29, 2018. Thus, it is claimed that it is understandable that he did not fulfill his discovery obligations, and thus, it is argued, he should be excused. [Dkt. #39, at 2]. Of course, no explanation is given for the defendants' insouciant attitude toward his obligations.

Relying on *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) and *Magnus Elecs., Inc. v. Masco Corp. of Ind.*, 871 F.2d 626, 632 (7th Cir. 1989), he claims that he did not act in bad faith, vexatiously, or wantonly. [Dkt. # 39, at 2]. That may well be, but those are "inherent power" cases, and we are concerned with Fed.R.Civ.P. 37. Rule 37(a) "*presumptively* requires every loser to make good the victor's costs." *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994)(emphasis supplied). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments

on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787. The party whose discovery requests have been ignored and who has been forced to file a motion to compel need not show bad faith or vexatious conduct; it is the recalcitrant party who must establish his failure to comply with discovery was substantially justified. *Id*. *See also* Fed.R.Civ.P. 37(a)(5)(A); *Precision Fabrics Group, Inc. v. Tietex Intern., Ltd.*, 2015 WL 4726866 (M.D.N.C. 2015); *Maryland Cas. Co. v. Shreejee Ni Pedhi's, Inc.*, 2013 WL 3353319 (M.D.Fla. 2013); *Underdog Trucking, L.L.C. v. Verizon Services Corp.*, 273 F.R.D. 372 (S.D.N.Y. 2011) (a finding of bad faith is not required as a precondition of an award under Rule 37(a)(5)(A)).

Even *pro se* litigants have to follow the rules. *See, e.g., Indiana v. Edwards*, 554 U.S. 164, 185 (2008); *Welcher-Butler v. Brennan*, 619 F. App'x 550 (7th Cir. 2015)*; McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012); *Moore v. Pipefitters Ass'n Local Union 597, U.A.*, 306 F.R.D. 187, 195 (N.D. Ill. 2014)(collecting cases). It would be unfair to require plaintiff to jump through hoops because the defendant didn't get around to hiring an attorney for three months after his prior counsel withdrew because he wouldn't pay her. [Dkt. #16].[1] Defendant seems to think that everything – legal work, aggravation to opponents – comes free to him. It does not. Failure to hire a lawyer does not allow the indifference to the other side that the record reveals in this case.

Beyond that, defendant thinks plaintiff's counsel is not entitled to an award of $1,980 and submits that sum "should be reduced by a reasonable amount of $1,500 to reflect counsel's limited

---

[1] Counsel's motion stated that her bills for legal work had not been paid and that the individual defendant, Mayers, had repeatedly refused to make payment although he was happy to accept the legal work done for him in this case and in other cases. She represented that the defendant, Mayers, claimed he had sent her checks but they were somehow inexplicably and repeatedly lost in the mails. The motion also stated that Mr. Mayers failed to keep appointments and to make promised phone calls. [Dkt. #33]. The motion also represented that any checks that actually arrived in her hands bounced. In short, the defendant rather badly abused his relationship with his previous lawyer, which thus explains his behavior thus far in this case.

work and/or counsel's failure to identify his experience and the basis for his hourly rate" of $450 per hour. [Dkt. #39, at 3]. But, I find that the hourly rate is not out of line and that $1980 is a reasonable amount for the work plaintiff's counsel was forced to do as a result of the defendant's indifference and recalcitrance in this case. *Mouloki v. Epee*, 2017 WL 2791215, at *5 (N.D. Ill. 2017)(hourly rate of $465 for lead attorneys); *Franks v. Mkm Oil, Inc.*, 2016 WL 861182, at *3 (N.D. Ill. 2016)(award of $350 per hour); *Kurgan v. Chiro One Wellness Centers LLC*, 2015 WL 1850599, at *4 (N.D. Ill. 2015)(noting range of acceptable hourly rates from #250 to $550).

The Motion for Fees [Dkt. #33] is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 5/8/18